UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10821-JLS-SSC            Date: January 22, 2024January 21, 2024

Title: Alicia Esquivel v. Conrad Employer LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**    **(IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

     Plaintiff filed this putative class action on behalf of herself and others similarly situated in Los Angeles County Superior Court, alleging that Defendant violated various California wage-and-hour laws. (Comp., Doc. 1-2.)  Defendant removed, asserting that this Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1441(a).  (NOR, Doc. 1.)

     CAFA requires, among other things, that the amount in controversy "exceed[] the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

---

**CIVIL MINUTES – GENERAL**            1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10821-JLS-SSC  　　　　　　　　　　　　　Date: January 22, 2024January 21, 2024
Title:  Alicia Esquivel v. Conrad Employer LLC et al

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*"  *Id.* (quoting *Dart*, 574 U.S. at 87).

"As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court," Defendant's assumed "violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires."  *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *2 (C.D. Cal. June 2, 2021) (Staton, J.).  Violation rates "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy.  Defendant, however, does not provide a basis for its various violation-rate assumptions—other than citing violation rates assumed by other courts in other wage-and-hour actions.  (NOR, Doc. 1 ¶¶ 30, 33.)

Therefore, the Court sua sponte questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence."  *Id.* at 762.  Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response. No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: gga